UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6341-CR-ZLOCH

UNITED STATES OF AMERICA, :

    Plaintiff, :

vs. :

MICHAEL LITTLE, :

    Defendant. :
_____/



## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND MEMORANDUM OF LAW

COMES NOW the defense and moves this court for a downward departure from the sentencing guidelines and in support thereof states:

This court has authority to depart in any case not falling within the "'heartland,' a set of typical cases embodying the conduct that each guideline describes" which were "carved out" by the Sentencing Commission. U.S.S.G. Introduction, p. 5, Ch. 1, Pt. A, § 4(b). "When the court finds an atypical case ... the court may consider whether a departure is authorized ... the Commission does not intend to limit the kinds of factors, whether or not mentioned elsewhere in the guidelines, that could constitute grounds for departure in the unusual case." *Id.* at 5-6.

Both Congress and the Sentencing Commission agreed that there would be times when various factors about a defendant would make a particular sentence inappropriate. Therefore, both Congress and the Sentencing Commission set out which factors, if substantially different in a case than in the normal or "heartland" case, should be considered as a bases for a downward departure

from the usually appropriate Guideline range. U.S.S.G. Introduction, p. 5, Ch. 1, Pt. A, § 4(b) and 18 U.S.C. § 3553(b). The Guidelines provide:

> The sentencing statute permits a court to depart from a guideline-specified sentence ... when it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 1A4(b), quoting 18 U.S.C. § 3553. *See United States v. Ponder*, 963 F.2d 1506, 1509-10 (11th Cir. 1992) (Eleventh Circuit supported a departure "even if the circumstances presented by the case vary only in degree from that presented by the guideline.").

The United States Supreme Court recently addressed the issue of guideline departures, in *Koon v. United States*, 116 S. Ct. 2035 (1996). The Supreme Court's *Koon* decision clarified and reemphasized that sentencing courts still have broad discretion to tailor appropriate sentences to the facts of a case.

Reversing a Ninth Circuit decision which had struck down the downward departures in *Koon*, the Supreme Court unanimously clarified that, from now on, departures should be reviewed on appeal only for abuse of discretion. *Id.* at 2043.[1] This ruling represented a significant change in the law of most Circuits, including this one. Prior to *Koon*, almost every Circuit had held that district court decisions about whether a factor could be used as a valid legal basis for departure must be reviewed *de novo*.

In *Koon*, the Supreme Court went out of its way to stress that its decision was designed to

---

[1] While there were some concurring opinions in *Koon*, all of the Justices joined in the portions of the opinion discussed here, concerning the appropriate standard of review and the need for sentencing judges to retain substantial departure discretion.

promote a view of the Sentencing Reform Act that retains much of the traditional sentencing discretion of district judges. While acknowledging the Sentencing Guidelines' goal of uniformity, Justice Kennedy explained:

> This too must be remembered, however. It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. We do not understand it to have been the congressional purpose to withdraw all sentencing discretion from the United States District Judge. Discretion is reserved within the Sentencing Guidelines, and reflected by the standard of appellate review we adopt.

116 S. Ct. at 2053. In addition, "the text of § 3742 manifests an intent that district courts retain much of their traditional sentencing discretion." *Id.* at 2046. In fact, the Supreme Court stated that, unless the Commission itself had "proscribed, as a categorical matter, consideration of the factor," courts should not reject **any** factor as a possible ground for downward departure; rather, "the sentencing court must determine whether the factor, as occurring in the particular circumstances, takes the case outside the heartland of the applicable Guideline." *Id.* at 2051.

In evaluating this "heartland," the Supreme Court cited the Guidelines' own acknowledgment that "the Commission did not adequately take into account cases that are, for one reason or another, **unusual**." *Id.* at 2044 (quoting U.S.S.G. ch. 1, pt. A, Intro. Comment 4(b)) (emphasis added). The Court described the expected process as follows: "A district judge now must impose on a defendant a sentence falling within the range of the applicable Guideline **if the case is an ordinary one.**" *Id.* at 2044. The focus thus should be on whether the facts of a case are "unusual" --or not "ordinary" --with a sentencing court still largely free to tailor an appropriate sentence through departure if the answer is yes. "The relevant question is not, as the Government says, whether a particular factor is

within the 'heartland' as a general proposition ... but whether the particular factor is within the heartland **given all the facts of the case.**" *Id.* at 2047. The Supreme Court explained that:

> The [Sentencing Reform] Act did not eliminate all of the district court's discretion, however. Acknowledging the **wisdom, even the necessity**, of sentencing procedures **that take into account individual circumstances**, 28 U.S.C. § 991(b)(1)(B), Congress allows district courts to depart from the applicable guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, **or to a degree**, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that **should** result in a sentence **different from that described.**"

116 S. Ct. at 2044 (quoting 18 U.S.C. § 3553 (b)). The Court emphasized that "[t]he Guidelines ... 'place essentially no limit on the number of potential factors that may warrant departure.'" *Id.* at 2051.

In *Koon*, the majority even upheld, as a valid basis for a downward departure under the facts of that case, the defendants' susceptibility to abuse in prison--a "discouraged factor" that the Commission had stated should not ordinarily be used as a basis for a downward departure. *Id.* at 2053. The Supreme Court also approved of departures based on an **aggregation of factors**, even if none of those factors, when considered alone, provided a sufficient basis to support a downward departure. *Id.* at 2053-54 (remanding for possible reimposition of downward departure despite recognition that district court had found none of the factors individually worthy of departure).

Consistent with *Koon*, the catch-all provision in U.S.S.G. § 5K2.0 authorized this Court generally to depart downward on grounds not specifically mentioned in the Guidelines, any time there exists a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission. U.S.S.G. § 5K2.0 ("Circumstances that may warrant

departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance").

### Coercion and Duress

Michael Little requests a downward departure based on coercion and duress. This is a permissible ground for departure and is listed at § 5K2.12 which reads:

> If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. The Commission considered the relevance of economic hardship and determined that personal financial difficulties and economic pressures upon a trade or business do not warrant a decrease in sentence.

In the instant case, an individual named Shawn Blakely, who the defendant knew in the neighborhood, loaned Mr. Little money. When Michael was unable to repay the money, Blakely began making threats against Michael. He would also drive by the house on a regular basis in a harassing manner. He threatened physical harm to Michael and his family on numerous occasions. These threats were witnessed by Michael's mother Lizzy McDaniels and his sister Barbara McDaniels. Both are prepared to testify to support the facts herein. Barbara reported the threats to the Miramar Police Department. They were instructed to get a tag number of the vehicle Shawn was riding in and then call police.

Shawn then proposed having Michael cash counterfeit checks made out to Michael. Michael

agreed to do this partly out of fear and because of the threats by Shawn Blakely. Michael also received $1,000 for signing the checks.

When arrested, after first denying his involvement, Michael admitted to United States Secret Service agents that he signed the checks. When asked why he received so little money for his part, Michael related "Blakely threatened him stating that if he did not assist in cashing additional checks he (Blakely) would harm Little's family members."

Mr. Little recognizes his responsibility for this crime and realizes that he did not take appropriate steps to escape the coercion before committing the offenses and that, therefore, coercion is not a complete legal defense to the charged offenses. While the circumstances do not amount to a complete defense, they can be the basis for a downward departure.

WHEREFORE, the defendant requests that this court grant this motion for a downward departure.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:_____
Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
1 E. Broward Boulevard
Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this \_\_14\_\_ day of January, 2002 to Scott Behnke, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301 and to Donna Wilmot, United States Probation Office, 299 E. Broward Blvd., Room 409, Fort Lauderdale, Florida 33301.

                                                               /s/ Timothy M. Day

S:\DAY\Little\DEPART.1